# ARLIE KIRK v. STATE.

No. A-5968. Opinion Filed Jan. 21, 1928.
(263 Pac. 169.)

Rummons & Hughes and John T. Hays, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. Appellant, Arlie Kirk, was convicted on an information which charges that in the county of Kiowa, January 23, 1925, "he, the said Arlie Kirk, then and there being, did then and there unlawfully, willfully and wrongfully transport and convey intoxicating liquor, to wit, about two gallons of whisky, from one place in Kiowa county unknown to a point on Main street in the town of Snyder, north of the Wallace Gin," and in accordance with the verdict of the jury he was sentenced to pay a fine of $500 and to imprisonment in the county jail for six months. From the judgment he appeals.

The errors assigned are: First, the information is insufficient in that it does not state facts sufficient to constitute an offense; second, that the evidence is insufficient to support the verdict and judgment.

In support of the first assignment it is urged that the information is not sufficiently direct as required by law in the charging part thereof. Obviously there is no merit in this contention. The information is sufficient in that the act charged is clearly and distinctly set forth in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended.

It follows that the demurrer thereto was properly overruled.

The last assignment urged is that the evidence is not sufficient to sustain the verdict. The testimony of Rex Downs and Jack Ball is to the effect: That they saw appellant take two sacks of empty fruit jars from his father's wagon yard in Snyder and place them in his car. That he then drove his car down to his brother's filling station, near the west end of Snyder. There they saw appellant remove the sacks of empty fruit jars from the car and take them into his brother's house. That a few minutes afterwards appellant came out of his brother's house with several fruit jars, which were full, which he placed in his car, and appellant and his wife then got into the car. They drove east to Main street, then turned north on Main street. That the officers in their car drove around to Main street. There Rex Downs got out of the car and attempted to stop appellant and shot at his car casing. That appellant continued to drive on north.

Jack Ball testified that after Downs got out of the car he turned his car around and gave chase down Main street, across the railroad by Wallace's Gin and there two fruit jars were thrown from appellant's car, one lighting in a mudhole and the other in the weeds by the side of the road; that he stopped his car, got out, and picked up the two jars of whisky.

For the defense John Thorpe testified that he was standing on the sidewalk between the Wallace Gin and the

depot, and his attention was attracted by the chase; that if there had been any fruit jar or anything of that nature thrown from the car he could and would have seen it, and that none were thrown from said car.

Appellant's father and mother both testified that he did not take any sacks containing fruit jars from their place at that time. His brother, Roy Kirk, and Mrs. Roy Kirk both testified that appellant did not bring any sack or sacks of fruit jars to their place on that occasion and did not take any jar or jars from their house.

As a witness in his own behalf, appellant denied taking the sacks from his father's wagon yard, or leaving the same at his brother's place, and denied taking any jars from his brother's place and placing them in his car; that he was leaving for Oklahoma City with his wife to visit her relations there; that he saw Rex Downs get out of the car on Main street, and he turned to the left and after he passed him Downs fired a shot and he drove on; that he did not have any whisky in the car and did not throw any fruit jars from the car. The testimony of Mrs. Arlie Kirk was substantially the same as that of appellant.

It was the peculiar province of the jury to pass upon the credibility of the witnesses, and the jury as triers of disputed questions of fact have determined the controversy. In this case the question of appellant's guilt was submitted to the jury upon instructions which fully and fairly covered the law of the case.

On the trial no objections were made to the admission of evidence.

Finding no prejudicial error in the record, the judgment of the lower court is affirmed.

EDWARDS and DAVENPORT, JJ., concur.